1  Cheryl D. Orr, State Bar No. 143196
   Natalie A. Beccia, State Bar No. 180991
2  Nancy G. Berner, State Bar No. 227142
   CARLTON DiSANTE & FREUDENBERGER LLP
3  260 California Street
   Suite 500
4  San Francisco, California 94111
   Telephone: (415) 981-3233
5  Facsimile: (415) 981-3246

6  Attorneys for Defendant
   U.S. BANK NATIONAL ASSOCIATION
7

8              **UNITED STATES DISTRICT COURT**

9              **EASTERN DISTRICT OF CALIFORNIA**

10

11  ASGHAR SHAH,                          )  Case No.  2:05-CV-00565-LKK-GGH
                                          )
12          Plaintiff,                    )  **STIPULATION FOR AND**
                                          )  **PROTECTIVE ORDER**
13      vs.                               )
                                          )
14  U.S. BANK, business form unknown, U.S. )
    BANCORP, a corporation, and DOES 1-50, )
15                                         )
            Defendants.                    )
16  _____)

17          This Stipulation and Protective Order is hereby entered into between defendant U.S.

18  Bank National Association ("U.S. Bank" or "Defendant") and plaintiff Asghar Shah ("Plaintiff")

19  through their respective counsel.  The purpose of this Stipulation and Protective Order is to protect

20  against unnecessary disclosure of confidential business information and confidential information

21  about third parties that is set forth in certain documents that may be produced during the course of

22  this litigation and/or that may be disclosed in deposition testimony or in other discovery responses.

23  It is hereby stipulated as follows:

24          1.      During the course of this litigation, either party may produce certain

25  documents or disclose information containing and/or constituting confidential business information

26  or confidential personnel information about third parties.  Either party may label any document

27  containing such confidential information with the word "Confidential," which shall make that

28  document and the information contained in it subject to this Stipulation and Protective Order.

1   Either party may designate any such information disclosed at deposition or in other discovery

2   responses as "Confidential," which shall make it subject to this Stipulation and Protective Order.

3   Any copies, extracts, summaries, or descriptions of such documents, deposition testimony, or

4   information are also subject to this Stipulation and Protective Order.

5       2.    Any documents, deposition testimony, or information protected by this

6   Stipulation and Protective Order shall not be used for any purpose except in connection with this

7   litigation, and shall not be delivered, exhibited or disclosed in whole or in part except:

8       a.    to the parties;

9       b.    to counsel of record for the parties in this case and persons regularly

10   employed or retained by such counsel who are assisting in the prosecution or defense of this action;

11       c.    to relevant expert witnesses and consultants who are assisting counsel in the

12   preparation of this action for trial;

13       d.    to the author(s) of such document;

14       e.    filed under seal pursuant to local court rules;

15       f.    to court reporters at depositions;

16       g.    to any private mediator(s) selected by the parties to mediate this dispute.

17       3.    Any person described in paragraph 2 above to whom delivery, exhibition or

18   disclosure is made of any document or information protected by this Stipulation and Protective

19   Order shall be subject to the provisions of this Stipulation and Protective Order.  Such persons shall

20   be given a copy of this Stipulation and Protective Order prior to delivery, exhibition or disclosure

21   of covered documents or information, and shall be required to certify in writing that they have read

22   this Stipulation and Protective Order and agree to abide by its terms.  Counsel who is disclosing

23   such document shall retain the originals of such written certifications.  Such persons may make

24   copies of such documents or prepare extracts, summaries, or descriptions of such documents only

25   as necessary to assist in the defense or prosecution of this action.

26       4.    If a party receiving documents designated as confidential disputes such

27   designation, the receiving party shall serve a written objection on the disclosing party via hand

28   delivery, which identifies the basis for objection, the intended disclosure and requests a release of

CARLTON DiSANTE &
FRUDENBERGER LLP

213520.1

2

STIPULATION FOR AND [PROPOSED]
PROTECTIVE ORDER
[Case No. 2:05-CV-00565-LKK-GGH]

1   confidentiality. The receiving party shall not disclose any designated matter unless and until:

2   (1) the disclosing party affirmatively consents to the proposed release of the information; (2) the

3   disclosing party fails to file a motion to prevent the disclosure within twenty (20) days after service

4   of the objection; or (3) the Court affirmatively rules that the proposed disclosure may be made.

5           5.     The parties shall take all reasonable precautions to prevent the unauthorized

6   or inadvertent disclosure of any such confidential documents or information.

7           6.     If a party intends to attach any documents or information deemed

8   "confidential" pursuant to this Stipulation and Order to a discovery motion at any time during the

9   pendency of the instant civil action, counsel for that party shall file and serve said documents in a

10  sealed envelope marked on the outside with the title of the action and a statement in the following

11  form:

12      Confidential – Subject to Protective Order:

13      This envelope (or container) containing the above identified papers filed or served
        by Plaintiff [or Defendant] is not to be opened nor the contents thereof displayed or
14      revealed, except to the Court, or except by Court order or by agreement of the
        parties.
15

16          7.     If a party intends to attach any documents or information deemed

17  "confidential" pursuant to this Stipulation and Order to motions other than discovery motions,

18  Counsel shall place said confidential documents in a sealed envelope, lodge them with the court

19  and mark the envelope on the outside with the title of the action and a statement in the following

20  form:

21      Conditionally Under Seal.

22

23          8.     Any party to this action may proffer into evidence any confidential

24  documents at time of trial or by motion or otherwise, and such confidential documents may be

25  shown to jurors. Nothing in this Stipulated Protective Order shall be construed as limiting any

26  party's right to object to the use of such confidential documents at the trial of this matter on the

27  grounds of admissibility or otherwise. This stipulation is not an admission by any party that

28  documents designated "confidential" by another party are, in fact, confidential in nature.

213520.1

3

1        9.    No person shall use any documents designated as confidential pursuant to

2 this Stipulation for and Protective Order for any purpose other than this civil action.

3        10.    This Agreement does not otherwise restrict the right of counsel for any party

4 to this action to contact persons identified in documents or information that is designated as

5 confidential if this contact does not include disclosure of any confidential information or

6 documents and counsel is otherwise entitled to contact that person.

7        11.    At the conclusion of this litigation, including appeals, originals and all

8 copies of the documents covered by this Stipulation and Protective Order shall be promptly

9 returned to the producing party. Deposition transcripts and court documents shall remain subject to

10 this Stipulation and Protective Order. This Stipulation and Protective Order shall remain binding

11 unless there is an order of the Court otherwise.

12        12.    Nothing in this Stipulation and Protective Order shall relieve either party

13 from the legal obligation, if any, to give notice to an affected third party before producing or

14 disclosing confidential employment records or information. The party who has possession of any

15 document implicating a third party's privacy rights shall notify the affected third party in writing

16 and request consent to produce the document. Upon receipt of consent, the party in possession of

17 the document shall produce it to the opposing party and that documents shall thereafter be subject

18 to the terms of this Stipulation and Protective Order.

19        So stipulated,

20 Dated: January 19, 2006        CARLTON DiSANTE & FREUDENBERGER LLP

21

22        By: _____

23                         Natalie A. Beccia
                            Attorneys for Defendant
                            U.S. BANK NATIONAL ASSOCIATION

24

25

26

27

28

1

2          So stipulated,

3   Dated: January 17, 2006                    MAYALL, HURLEY, KNUTSEN, SMITH & GREEN

4

5                                              By: _____

6                                                        J. Anthony Abbott
                                                  Attorney for Plaintiff ASGHAR SHAH
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

213520.1                            5

**ORDER**

Having reviewed the foregoing Stipulation and Protective Order submitted by the parties and good causing appearing therefore, it is ordered that the Protective Order shall be entered as the order of this Court.

Dated: 1/23/06 , 2006

UNITED STATES DISTRICT COURT
MAGISTRATE JUDGE

213520.1

6

STIPULATION FOR AND [PROPOSED]
PROTECTIVE ORDER
[Case No. 2:05-CV-00565-LKK-GGH]